CASON'S GARAGE v. JORDANO

(April 23, 1928. Opinion and Decree.)
(May 7, 1928. Rehearing Refused.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 625.**
Only questions of fact are involved and the decision of the Trial Judge, being clearly correct, is affirmed.

Appeal from First City Court. Hon. Wm. H. Byrnes, Judge.

Action by Cason's Garage against Frank Jordano.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Niel Armstrong, of New Orleans, attorney for plaintiff, appellee.

J. Weiner, Sidney Roos, of New Orleans, attorneys for defendant, appellant.

JONES, J. This is a suit on two promissory notes, one for One hundred ($100.00) Dollars, payable in fifteen days after July 28, 1927, and the other for One hundred fourteen and 85-100 ($114.85) Dollars, payable thirty days after same date. As the defendant had paid Fifty ($50.00) Dollars on the One hundred ($100.00) Dollar note, the suit is for One hundred sixty-four and 85-100 ($164.85) Dollars.

The defendant answers, alleging the notes were obtained by misrepresentation, because he had never been supplied with a

promised itemized statement of his garage account in settlement of which the obligations sued on had been incurred, and if furnished, amount of indebtedness should be much smaller.

The evidence shows the following facts:

Jordano and two of his employees kept automobiles at Cason's Garage and bills covering charges on all of them for storage, gasoline, necessary repairs, new tires, etc., were sent monthly to Jordano at his office; defendant allowed this account to run for some time and it finally amounted to the sum of Two hundred fourteen and 85-100 ($214.85) Dollars on February 28, 1927. As account was then delinquent, effort was made to obtain payment, but it was not until the 28th of July, 1927, that Hill, the credit manager of Cason's Garage, Inc., succeeded in obtaining the two notes, which are herein sued on, from the defendant.

On July 28, 1927, Jordano had a bookkeeper, who when asked whether or not the balance of Two hundred fourteen and 85-100 ($214.85) Dollars was correct, and whether or not he had received the statements said, "Yes, this is the correct amount and it is alright for you to sign the notes." This was testified to by Hill and the defendant, but Jordano now says that his bookkeeper was inefficient and his statement untrustworthy.

The notes were placed with the New Orleans Bank & Trust Company for collection, and on August 21, 1927, when one of the notes fell due, defendant's attorney asked for an extension of time, but nothing was said about any failure in consideration.

Defendant, who admits making a payment of Fifty ($50.00) Dollars on one note, stated that he was twenty-six years of age and had been in business twelve years and knew all about notes and contract. He contends that plaintiff had no authority to charge repairs of his employee's cars to him and that he really owed only Sixty ($60.00) Dollars at the time he gave the notes for Two hundred fourteen ($214.00) Dollars.

Although the young lady who takes orders at the public desk in the garage was not produced to prove the disputed authority, we think it improbable that an experienced business man would have been so careless as to give notes for nearly four times what he owed.

We hold with the Trial Judge that defendant has failed to prove his defense.

The judgment is therefore affirmed.